# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

JIMMY F. HARRISON                                                                    PLAINTIFF

V.                      CASE NO. 4:18-CV-00540 SWW-JTK

SOCIAL SECURITY ADMINISTRATION                          DEFENDANT

## RECOMMENDED DISPOSITION

**I.**    **Procedures for filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to District Judge Susan Webber Wright. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection.

Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.**    **Introduction:**

Plaintiff, Jimmy F. Harrison ("Harrison"), applied for disability benefits on May 18, 2016, alleging a disability onset date of January 1, 2013. (Tr. at 32). After conducting a hearing, the Administrative Law Judge ("ALJ") denied his application. (Tr. at 45). The Appeals Council denied his request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Harrison has requested judicial review.

For the reasons stated below, this Court should affirm the decision of the Commissioner.

### III. The Commissioner's Decision:

The ALJ found that Harrison had not engaged in substantial gainful activity since the alleged onset date of January 1, 2013 (Tr. at 35). The ALJ found, at Step Two of the sequential five-step analysis, that Harrison had the following medically determinable impairments: history of chronic right knee MRSA abscess, obesity, bipolar disorder, personality disorder, posttraumatic stress disorder, panic disorder, and history of alcohol and stimulant use disorder. *Id.*

At Step Three, the ALJ determined that Harrison's impairments did not meet or equal a listed impairment. *Id*. Before proceeding to Step Four, the ALJ determined that Harrison had the residual functional capacity ("RFC") to perform light work with restrictions: 1) he could only occasionally balance, stoop, kneel, and crouch; 2) he could only occasionally climb ramps and stairs, but no ladders, ropes, or scaffolds; 3) he could tolerate no temperature extremes or extremes of humidity; 4) he could understand, remember, and carry out simple and routine instructions and tasks; 5) he could regulate emotions, control behavior, and maintain well-being in a work setting with simple tasks and instructions as long as there are no fast-paced work production requirements such as assembly line work; 6) he could learn, recall, and use simple instructions and tasks that involve simple work-related decisions with few workplace changes or changes in routine; 7) he could perform jobs that involve working with the same types of things on a day-to-day basis; 8) he could interact frequently with supervisors, occasionally with coworkers, and only incidentally with the public; and 9) he should work with things rather than people. (Tr. at 37).

The ALJ found that Harrison was unable to perform any past relevant work. (Tr. at 44). Next, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, considering Harrison's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could perform, such as marking clerk and routing clerk. (Tr. at 45).

Therefore, the ALJ found that Harrison was not disabled. *Id*.

IV. **Discussion**:

    A.   Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means less than a preponderance but more than a scintilla. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). In other words, it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted). The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

    B.   Harrison's Arguments on Appeal

Harrison argues that substantial evidence does not support the ALJ's decision to deny benefits. He contends that the ALJ failed to fully develop the record, that the ALJ did not conduct a proper analysis of subjective complaints, and that the RFC did not fully incorporate Harrison's limitations.

Harrison suffered a right knee abscess that was debrided and healed well after that. (Tr. at 342-368). This problem was the basis for the ALJ's limitation to light work with postural limitations. It was the only significant physical impairment, aside from obesity.

Harrison was admitted by court order into Bridgeway psychiatric hospital in September 2014, where he stayed for five days. (Tr. at 312). During the stay he was alert and oriented, he

3

tolerated medications well, and reported improvement in sleep after attending therapy. *Id*. Based upon positive response to treatment he was referred for discharge. *Id*. The attending physician recommended that Harrison follow-up with therapy at Counseling Associates. (Tr. at 39). Harrison waited almost a year and a half to do so. (Tr. at 398). A failure to follow a recommended course of treatment weighs against a claimant's credibility. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) In the interim, Harrison sought treatment for his mental disorders with his PCP, Dr. William L. Berry, M.D, but he did not participate in specialized psychiatric care. (Tr. at 388-391).

Harrison saw Candace Baker, L.M.S.W., at Counseling Associates beginning in April 2016. Although Harrison demonstrated clear speech, logical thought process, and cooperative behavior, Ms. Baker diagnosed PTSD, personality disorder, and depressive disorder. (Tr. at 398, 404, 409-410). She recommended anger management, and by June 2016, Harrison reported improved insight thanks to the treatment. (Tr. at 438). In July 2016, Harrison reported to Ms. Baker that he had progressed and had improved mood and functioning. (Tr. at 449). Improvement in condition supports an ALJ's finding that a claimant is not disabled. *See Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992). His medication had been effective in managing his mood, and Harrison was motivated for employment. (Tr. at 439, 449). He asked for less frequent therapy sessions. *Id.*

Over the next year, Harrison participated in AA meetings, which were helpful, and continued to gain insight and improve his mood. In February 2017, Ms. Baker said he had made good progress with no regression. (Tr. at 542). In May 2017, Harrison told Ms. Baker he was hopeful and still sober. (Tr. at 570).

The state agency mental consultants found Harrison capable of unskilled work, which was

incorporated into the RFC by the ALJ. (Tr. at 108, 124). Christina Couch, Psy.D., performed a mental diagnostic evaluation on August 6, 2016. (Tr. at 423-428). She noted that he had to capacity to communicate effectively and could cope with cognitive demands, but that anxiety would make it difficult to complete work tasks. (Tr. at 428). She said depression symptoms would make it difficult for him to stayed motivated and concentrate, or to complete tasks in an acceptable time frame. *Id*. This was after noting that Harrison was cooperative with the interview, had clear speech and good eye contact, had logical and relevant thought processes, and had congruent mood. (Tr. at 426). And it was also after noting that medication managed Harrison's symptoms and he could perform daily activities. (Tr. at 426, 427). Indeed, he said he could cook, shop, do laundry, go out to eat, go to church once a week (where he was the liturgist), and attend AA meetings. *Id*.; (Tr. at 242-247). Such daily activities undermine his claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995). Dr. Couch's restrictions were not entirely consistent with her own examination, so the ALJ gave that opinion only some weight. (Tr. at 43). Physician opinions that are internally inconsistent are entitled to less deference than they would receive in the absence of inconsistencies. *Guilliams*, 393 F.3d at 803.

Because the ALJ addressed things like daily activities, effectiveness of treatment, improvement with medication, and no recent inpatient hospitalizations, he adequately assessed the consistency of Harrison's subjective complaints. In considering subjective complaints, the ALJ must consider such factors as 1) prior work record; 2) the claimant's daily activities; 2) the duration, frequency, and intensity of pain; 3) precipitating and aggravating factors; 4) dosage, effectiveness and side effects of medication; and 5) functional restrictions. *Polaski v. Heckler*, 751 F.2d 943, 948 (8th Cir. 1984). An ALJ's finding on subjective complaints is entitled to deference

if is supported by substantial evidence in the record. *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003). The ALJ fulfilled her duty at this step.

Likewise, the ALJ based her decision on a fully developed record. She discussed all of the relevant medical evidence, and accounted for opinion evidence. She gave great weight to opinions that were consistent with the record and some weight to Dr. Couch's opinion, which was proper because of some inconsistency therein. (Tr. at 40-44).

For the reasons cited above, the ALJ also properly incorporated Harrison's limitations into the RFC. A claimant's RFC represents the most he can do despite the combined effects of all of his credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of his impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996). The record here did not show that Harrison's impairments significantly limited him.

V. **Conclusion:**

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ based his decision on a fully developed record and properly analyzed subjective complaints, and the RFC incorporated all of Harrison's limitations. The finding that Harrison was not disabled within the meaning of the Social Security Act, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 11th day of July, 2019.

_____
UNITED STATES MAGISTRATE JUDGE